**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MERVAT SOTO,

Appellant,

v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,

Agency.

DOCKET NUMBER
DC-0752-14-0707-X-1

DATE: March 6, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mervat Soto, Holly Springs, North Carolina, pro se.

Madeha Chaudry Dastgir, Esquire, and Jennifer Smith, Esquire,
    Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The administrative judge issued a compliance initial decision finding the agency noncompliant with the February 27, 2023 final order in the underlying constructive removal appeal. *Soto v. Department of Health and Human Services*, MSPB Docket No. DC-0752-14-0707-C-1, Compliance File (CF), Tab 34, Compliance Initial Decision (CID); *Soto v. Department of Health and Human*

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

*Services*, MSPB Docket No. DC-0752-14-0707-B-1, Final Order (Feb. 27, 2023). For the following reasons, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

In a May 30, 2024 compliance initial decision, the administrative judge found the agency noncompliant with the Board's February 27, 2023 final decision, which ordered the agency to cancel the appellant's constructive removal and retroactively restore her to her GS-12 Management and Program Analyst Position, effective May 5, 2014. CID at 1. Accordingly, the administrative judge granted the appellant's petition for enforcement and ordered the agency to take the following actions: (1) demonstrate that it had paid the appellant all of the money owed for backpay and interest for the period of July 4, 2021, to July 1, 2023, and if the proper pay amount was not paid on July 15, 2023, pay the additional interest owed and submit proof of that payment; (2) demonstrate through a clear explanation supported by evidence that it had made the required interest payments on the appellant's bonuses; and (3) demonstrate that it made contributions to the appellant's Thrift Savings Plan (TSP) for the full back pay period (to include July 9, 2021, to September 29, 2023) and that it made the full contribution for the breakages, without charge to the appellant. CID at 8-9.

On July 5, 2024, the agency informed the Board that it had taken the actions identified in the compliance initial decision. *Soto v. Department of Health and Human Services*, MSPB Docket No. DC-0752-14-0707-X-1, Compliance Referral File (CRF), Tab 1. As the agency submitted evidence of compliance and neither party filed an administrative petition for review, the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance pursuant to 5 C.F.R. § 1201.183(c).[2]

---

[2] As noted in the compliance initial decision, the Board's regulations provide that, upon a finding of noncompliance, the party found to be in noncompliance must do the following: (i) to the extent that the party decides to take the actions required by the initial decision,

Following referral to the Board, both parties filed submissions regarding the backpay and interest thereon, interest on bonuses, and TSP compliance issues. CRF, Tabs 3, 7-10, 14-15. Additionally, the appellant also reraised an issue concerning her leave restoration. CRF, Tab 15 at 4. Although she did not dispute the amount of leave restored, she disputed the amount of time afforded to her to use the restored leave. *Id.* The Board ordered the agency to respond to the appellant's contentions regarding the leave restoration issue, CRF, Tab 16, and both parties filed subsequent submissions on that issue. CRF, Tabs 19-20. By Order dated January 20, 2026, the Board found the agency in partial compliance. CRF, Tab 21. For the reasons explained therein, the Board found the agency in compliance regarding the outstanding issues related to the backpay and interest on backpay, interest on bonuses, and TSP repayment and breakages. CRF, Tab 21.

However, in its January 20, 2026 Order, the Board found that the agency had not complied with its obligations regarding restored leave and ordered the agency to afford the appellant until January 8, 2028, to schedule and use her leave restored pursuant to 5 C.F.R. § 550.805(g). CRF, Tab 21 at 8-10. The agency responded to the Board's order on February 9, 2026. CRF, Tab 22. The appellant has not responded to the agency's response, though afforded an opportunity to do so. For the reasons explained below, we now find the agency in full compliance and dismiss the appellant's petition for enforcement.

## ANALYSIS

When, as here, the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of*

---

the party must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that the party has taken the actions identified in the initial decision, along with evidence establishing that the party has taken those actions; and (ii) to the extent that the party decides not to take all of the actions required by the initial decision, the party must file a petition for review under the provisions of 5 C.F.R. §§ 1201.114-1201.115. 5 C.F.R. § 1201.183(a)(6) (2023).

*Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[3] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

Following the Board's January 20, 2026 Order, the sole area of noncompliance concerned the date by which the appellant was required to schedule and use her leave restored pursuant to 5 C.F.R. § 550.805(g), which provides:

> (g) An agency shall credit annual leave restored to an employee as a result of the correction of an unjustified or unwarranted personnel action in excess of the maximum leave accumulation authorized by law to a separate leave account for use by the employee. The employee shall schedule and use annual leave in such a separate leave account as follows:
>
> > (1) A full-time employee shall schedule and use excess annual leave of 416 hours or less by the end of the leave year in progress 2 years after the date on which the annual leave is credited to the separate account. The agency shall extend this period by 1 leave year for each additional 208 hours of excess annual leave or any portion thereof.

5 C.F.R. § 550.805(g).

In its prior submissions, the agency indicated that it had restored 651 hours of leave to the appellant on January 15, 2023, because of its unjustified constructive removal of the appellant, and that the appellant had until January 10, 2026, to schedule and use such leave. CRF, Tab 19 at 4-6; CF, Tab 22 at 33-34; Tab 32 at 41. The Board's January 20, 2026 Order found that the agency had not

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

complied with 5 C.F.R. § 550.805(g) because the appellant should have been afforded 4 years after the end of the leave year in progress on the date the annual leave was credited to use her annual leave of 651 hours, or until January 8, 2028. CRF, Tab 21.  In its latest response, the agency indicates that the January 10, 2026 date referenced in its prior submissions reflected the initial 2-year period by which the appellant was required to use only the first 416 hours of her excess annual leave.  CRF, Tab 22 at 4, 6.  The agency further explains via an affidavit from a Supervisory Human Resources Specialist that, at the end of the 2025 leave year, the appellant had 138 hours of restored annual leave remaining.  *Id.* at 6.  The appellant has not challenged this assertion.[4]  Accordingly, as the agency asserts, the appellant is entitled to extend the initial 2-year period in section 550.805(g) by 1 year because 138 hours is less than 208 and constitutes "any portion thereof."  As such, the appellant has until January 9, 2027 (the end of the leave year in progress 3 years after January 15, 2023), to use her remaining 138 hours of leave.  CRF, Tab 22 at 6; *OPM Fact Sheet:  Leave Year Beginning and Ending Dates*, available at https://www.opm.gov/policy-data-oversight/pay-leave/leave-administration/fact-sheets/leave-year-beginning-and-ending-dates/ (last accessed Mar. 6, 2026).

Considering the foregoing, we find the agency in compliance with its outstanding compliance obligations and dismiss the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

---

[4] As the appellant has not responded to the agency's February 9, 2026 response to the Board's January 20, 2026 Order, which afforded her an opportunity to do so, CRF, Tab 21, the Board assumes that she is satisfied, *see Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals

of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*

                                   _____
                                   Gina K. Grippando
                                   Clerk of the Board

Washington, D.C.